WILLIAM M. BENEDICT & another *vs.* THANIEL CUTTING.

C. and M. entered into a recognizance before a justice of the peace, the condition of which was, that M. should enter, in the next court of common pleas, the action of A. and B., brought before said justice, to eject M. from certain premises described in the complaint in said action, and transferred by said justice, at M.'s request, to said court—the title to said premises being brought in question by M. —and should pay all rents then due to said A. and B. for the use and occupation, by M., of said premises, and all intervening rent, damages and costs, and should do and receive that which said court should enjoin upon him: M. entered said action, according to said condition, and prosecuted it to final judgment against him: and an execution, issued against him for the costs of the suit, was returned unsatisfied: The justice did not return the recognizance to the next court of common pleas, with the other papers in the case, and it was not filed in the clerk's office till after said final judgment: After it was filed in the clerk's office, A. and B. brought an action of debt on it against C., in the court of common pleas. *Held,* that the recognizance was a record of that court, within the meaning of the law, though not extended on the book of records; that it sufficiently showed, on its face, the cause of its caption, and the jurisdiction of the justice; and that A and B. were entitled to recover of C. the rent due to them from M. at the date of the recognizance, and all intervening rent, and the costs of the aforesaid action.

THIS was an action of debt on the following recognizance. "Memorandum. Worcester ss. At a justice court held before the subscriber, this 13th day of April, A. D. 1844, personally appeared Benaiah Morse of Millbury, in said county, as principal, and Thaniel Cutting and Leonard Hill, of the same Millbury, and acknowledged themselves to be severally indebted unto William M. Benedict of said Millbury, and Pliny Merrick of Worcester, in said county, in the sum of three hundred dollars, to be levied," &c. "The condition of the recognizance is such, that if the said Morse shall enter, at the court of common pleas, next to be holden at Worcester, on the third Monday of June next, the action of said Benedict and Merrick against him, brought before me, to eject the said Morse from certain premises described in the complaint in sai action, this day heard and transferred, at the request of saia Morse, the defendant, by me, to the said court of common pleas, (the title to said premises being brought in question by said defendant,) and also shall pay all rents now due to said Benedict and Merrick, for the use and occupation, by him, of said premises, and all intervening rent, damages and costs, and

shall do and receive that which said court shall enjoin upon him, the said Morse, then this recognizance to be void ; otherwise, to remain in full power, force, and virtue. Elias Forbes, Justice of the Peace."

The declaration was as follows : " For that one Benaiah Morse, as principal, and Leonard Hill and said Cutting, as sureties, at a justice's court held at said Millbury, by Elias Forbes, Esquire, then and ever since a justice of the peace, in and for said county of Worcester, duly authorized by law to take recognizances, personally appeared before said justice, and, by their recognizance, acknowledged themselves to be severally indebted unto the plaintiffs, in the sum of three hundred dollars ; it being upon a complaint made by the plaintiffs, against said Morse, that he was in possession of certain real estate belonging to the plaintiffs, against law, and against the right of the plaintiffs; the title to which said real estate the said Morse, by his plea, brought in question ; and at his request the case was transferred to the court of common pleas, next to be holden at Worcester, in said county, on the third Monday of June then next ensuing, having jurisdiction of the subject matter of the cause. The condition of the said recognizance was, that said Morse should enter, at the said court of common pleas, the said action of said plaintiffs against him, and should pay all rents then due to said plaintiffs for the use and occupation, by him, of said premises, and all intervening rent, damages and costs, and do and receive all that said court should enjoin upon him, said Morse. Which said sum of three hundred dollars was adjudged by said justice to be a reasonable sum. And the said recognizance was returned to the said court of common pleas, according to law. And the plaintiffs aver that said complaint was entered in said court of common pleas, there heard and tried, and a verdict rendered for possession of said real estate in favor of the plaintiffs, and that exceptions were taken, by the said Morse, to the rulings and directions of the presiding judge, in the trial of said complaint, which said exceptions were argued, and determined and overruled, at the last September term (1845) of

the supreme judicial court, in and for said county of Worcester, and judgment rendered upon the said verdict,* for the possession of said estate, and costs of court, taxed at sixty two dollars and forty six cents. Execution issued on the twenty first day of February last past, (1846,) and is returned into said court, wholly unsatisfied for said costs. And the plaintiffs aver that neither the defendant nor said Morse, nor said Hill, has ever paid said costs. And the plaintiffs aver that neither the said Morse nor the said Cutting or Hill has paid the said rent due and in arrear, and all intervening rent, damages and costs, but they have wholly neglected the same ; and by reason of such neglect, the defendant has broken the condition of his recognizance as aforesaid ; which said recog- nizance is in full force and unsatisfied, as by the record thereof, with said justice, and in the said court of common pleas, will fully appear. Whereby an action hath accrued to the plaintiffs," &c.

At the trial in the court of common pleas, before *Wash-burn*, J. the plaintiffs offered in evidence the foregoing paper, purporting to be the recognizance declared on. The defend- ant objected to its admission, on two grounds. *First*, that this recognizance had never become a matter of record of the court of common pleas. On this point, it was admitted that the copies, in the case referred to in the recognizance, were filed in the court of common pleas, to which the case was removed by the defendant in that action, (the principal in this recognizance,) and that the action was prosecuted to final judgment, as was set forth in the plaintiffs' declaration ; that Forbes, the justice, did not send up the recognizance with the other papers in the case ; and that it was never filed in the clerk's office of that court till March 3d 1846, just before the commencement of this action. The recognizance showed an indorsement by the clerk, that it was "filed March 3d 1846 ; " but there was no evidence that it had been spread upon the records of the court.

* See 10 Met. 223.

*Secondly,* the defendant objected to the competency and validity of the recognizance, because it did not set forth sufficiently the cause of its caption.

The defendant objected to the plaintiffs' recovering any thing for rent in arrear, as claimed in their declaration, because the recognizance did not show that any rent was claimed by the plaintiffs in the original action, nor that the action was brought under the provisions of the 104th chapter of the revised statutes.

The plaintiffs thereupon produced a copy of the original complaint, (which was in the form allowed by the Rev. Sts. *c.* 104, § 4,) and also produced a copy of the record of the justice's proceedings on said complaint, and offered them in evidence to show, among other things, the form and nature of the original action, and that the plaintiffs therein claimed rent, upon the hearing before the justice.

The defendant also objected to the plaintiffs' right to recover, in this action, the costs recovered in the original action.

The judge admitted the recognizance, the copy of the original complaint, and the copy of the record of the justice's judgment, and instructed the jury that the plaintiffs had a right to recover the rent claimed in their declaration, and the costs of the former suit. The jury returned a verdict for the plaintiffs accordingly, and the defendant alleged exceptions.

*Bridges,* for the defendant. The recognizance must stand or fall by itself, and cannot be helped *aliunde.* The cause of its caption must fully appear upon its face, so that the jurisdiction of the magistrate may appear. *Commonwealth y. Downey,* 9 Mass. 520. *Commonwealth* v. *Daggett,* 16 Mass. 447. *Bridge* v. *Ford,* 7 Mass. 209. In the present case, the magistrate's jurisdiction does not appear on the recognizance, but only in the declaration.

The declaration must be on a record of the court; *Bridge* v. *Ford,* 4 Mass. 641; and the record should be full, before the declaration is made. See *Commonwealth* v. *M'Neill,* 19 Pick. 136. *Commonwealth* v. *Bail of Gordon,* 15 Pick. 193. The recognizance, in the present case, is not declared on as a

record of the court of common pleas, but as a record with the justice and in the court of common pleas. There is, indeed, an averment that the recognizance was returned to the court of common pleas according to law; but the evidence disproved this averment, and showed that it was not returned to the court until after the cause in which it was taken was at an end. See 19 Pick. *ubi sup. Bartholomew* v. *Chapin*, 10 Met. 1. *Commonwealth* v. *Baird*, 9 Met. 407.

The recognizance does not show that there was any rent in arrear, though the declaration alleges it.

*Randall & Hartshorn*, for the plaintiffs. The recognizance is sufficient, in itself, although not so full as it might have been. It shows the cause of its caption, namely, that a complaint was pending against Morse, in which title to real estate came in question, and that he requested a transfer of the case to the court of common pleas. The cause of taking the recognizance is therein set forth as fully as in *Bartholomew* v. *Chapin*, or in *Commonwealth* v. *M'Neill*.

The magistrate might have been subjected to a fine, for not returning the recognizance at the first term; *Ex parte Neal*, 14 Mass. 205; but his neglect cannot deprive the plaintiffs of their rights. Papers on file, in a case, are records, though not put on file so soon as they ought to be, and though not extended on the clerk's book of records. *Pruden* v. *Alden*, 23 Pick. 184.

SHAW, C. J. Debt upon a recognizance, entered into by the defendant and two others, before a justice of the peace, conditioned to enter a case then pending before said justice, and removed to the next court of common pleas, at the request of the defendant; the title to real estate having been brought in question. It was described, in said condition, to be an action of said Benedict and Merrick against Benaiah Morse, brought before said justice, "to eject the said Morse from certain premises described in the complaint in said action," and further conditioned to pay all rents then due to said Benedict and Merrick, and all intervening rent, damages and costs, and to do and receive, &c. At the trial, several objections were

16 *

taken by the defendant, which, being overruled, are now brought up by a bill of exceptions.

1. It was objected that this recognizance had never become a record of the court of common pleas. This appears to us to be founded in a mistaken view of the course of practice in such cases, and is not warranted by the facts as they appear on the record. The case, in which this recognizance was taken, was seasonably entered in the court of common pleas, by the clerk, by placing the title of the cause on his docket. It was the duty of the defendant to enter the case at that court, and he did so; and this necessarily carried with it all the papers from the justice's court necessary to the prosecution of the cause, and of course it included the recognizance. If the file of papers was not actually delivered, at that time, to the clerk of the court, they were subject to the control of the court, and might be ordered in at any time, and, when actually filed, would be considered as filed *nunc pro tunc.* The papers, when so filed, are part of the record, within the meaning of the law. It is not necessary that matters should be entered at large on the books of the court, to be a record. The dockets and files constitute the record, until it can be made up in form, by the proper recording officer. *Pruden* v. *Alden,* 23 Pick. 184. The entry of the action in the common pleas carries with it all the papers, including the recognizance, returnable to that court, and they become a record of that court. The papers may be brought in for use, when wanted for use, as in other cases, where the common practice is for the attorney of the appellant to keep the custody of the copies, until the trial, or until wanted for use.

2. It is further objected that it does not appear that the proceeding before the magistrate was a proceeding under the landlord and tenant act, viz. Rev. Sts. *c.* 104. In ordinary cases, founded on a general statute, it is not necessary to cite the statute, or refer to it in terms; it is sufficient to state such facts and such a case as falls clearly under the statute. But *a fortiori* is it not necessary under this statute; because the statute itself, § 4, prescribes a simple form of proceeding It

provides that the plaintiff may take, from a justice of the peace, a writ in the form used for an original summons, summoning the defendant to answer the plaintiff, "for that the defendant is in possession of the lands or tenements in question, which he holds unlawfully and against the right of the plaintiff; and no other declaration shall be required." Here the case is described as an action, brought before a justice of the peace by the present plaintiffs against the defendant, to eject him from certain premises. This describes, in language sufficiently intelligible, a proceeding under Rev. Sts. c. 104, and shows that the magistrate had jurisdiction and authority to take the recognizance.

The case of *Commonwealth* v. *Baird*, 9 Met. 407, was cited as an authority for the defendant. In that case, the recognizance was not returned to the court, before which the defendant was bound to appear, and therefore never became a record of that court. No *scire facias* would lie on it in the court of common pleas, because it was not returnable to that court, and had not become a record of that court, by appeal or otherwise, and could not so become, because not returned to the court or magistrate before whom the party bailed was bound to appear. In the case at bar, the recognizance was returnable to the court of common pleas, is in fact returned there, and become a record of that court.

*Exceptions overruled.*